JOHN EDWARD BROWN v. MARIAN DAVIS LANIER AND LINWOOD LANIER

No. 824SC178

(Filed 1 February 1983)

**Pleadings § 17; Torts § 7.2— avoidance of release for fraud—reply not necessary —summary judgment**

In a negligence action in which defendants' answer raised the affirmative defense of release, plaintiff was not required to file a reply alleging that the release was obtained by misrepresentation and fraud in order to seek avoidance of the release on that ground, since plaintiff was not required to plead matters in avoidance of affirmative defenses, he could not as matter of right file a reply to plead such matters, he was not required to seek leave to plead such matters, and the defense of release was deemed avoided or denied by G.S. 1A-1, Rule 8(d). G.S. 1A-1, Rules 7 and 9(b). Furthermore, summary judgment was improperly entered for defendants where there were genuine disputes as to whether plaintiff knew what he was signing when he signed the release and as to whether the release was obtained by a misrepresentation or fraud.

APPEAL by plaintiff from *Lane, Judge.* Judgment entered 21 September 1981 in Superior Court, ONSLOW County. Heard in the Court of Appeals 10 January 1982.

Plaintiff, an 85 year old retired farmer, commenced this action by filing a complaint alleging that injuries he sustained in an automobile collision were caused by the negligence of defendants. Defendants answered, denying that they were negligent, asserting that plaintiff's injuries were caused by plaintiff's own negligence, and raising as an affirmative defense that plaintiff, for valuable consideration, executed a release in full settlement of all claims which might arise against defendants out of the collision. No other pleadings were filed by either party. Discovery was commenced by defendants when they filed interrogatories and requests for admissions on the same day they filed their answer. Plaintiff duly responded to the interrogatories and requests for admissions, admitting that he signed the release, but asserting that he had signed it upon a misrepresentation that it was his acknowledgement that he had received insurance money for the damage to his car.

Defendants next moved for summary judgment, relying on the alleged release, filing affidavits in support of their motion. Plaintiff filed a response to defendants' motion, relying upon an affidavit in which he stated that defendants' insurance adjuster told plaintiff that he had to sign the release in order to receive insurance money for his damaged car, that he was never told that the document was a complete release, and that he was unable to read the document because his eyeglasses had been broken in the accident.

Upon hearing defendants' motion, Judge Lane granted summary judgment in favor of defendants. Plaintiff appealed.

*Keith E. Fountain for plaintiff.*

*Dunn & Dunn, by Raymond E. Dunn, for defendant.*

WELLS, Judge.

This appeal involves interpretation of the provisions of G.S. 1A-1, Rules 7, 8, and 9 of the Rules of Civil Procedure. More specifically, we address the question of whether plaintiff was required to file a reply alleging fraud and misrepresentation. Defendants contend that summary judgment was properly granted because plaintiff failed to specifically plead the fraud he relies on in avoidance of the release. We disagree and reverse.

Rule 7 of the Rules of Civil Procedure allows filing a reply only when, in an answer, a defendant expressly asserts a counterclaim or when the defendant's answer raises a defense of contributory negligence and the plaintiff wants to retort by alleging last clear chance. Otherwise, a reply may be served only on order of the trial court. *See generally Vernon v. Crist,* 291 N.C. 646, 231 S.E. 2d 591 (1977); *and* Shuford, N.C. Civ. Prac. & Proc. (2nd Ed.), § 7-6. Rule 8(d) deems affirmative defenses appearing in the answer to be denied or avoided if a reply is neither required nor permitted. *Vernon v. Crist, supra.* While Rule 9(b) provides that, in pleading, all averments of the circumstances constituting fraud shall be stated with particularity, "better pleading practice dictates that a plaintiff should not anticipate a defense and undertake to avoid it in his complaint." *Vernon v. Crist, supra, citing Exum v. Boyles,* 272 N.C. 567, 158 S.E. 2d 845 (1968).

Plaintiff was not required to plead matters in avoidance of affirmative defenses, he could not as a matter of right file a reply to plead such matters, and he was not required to seek leave to plead such matters. *See, e.g., Eubanks v. Insurance Co.,* 44 N.C. App. 224, 261 S.E. 2d 28 (1979), *disc. rev. denied,* 299 N.C. 735, 267 S.E. 2d 661 (1980). Thus, defendants' affirmative defense of release is deemed avoided or denied by Rule 8(d) and no further pleadings were required.

Under general principles of notice pleading,

[a] pleading complies with [Rule 8(a)(1)] if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for obtaining pretrial discovery—to get any additional information he may need to prepare for trial.

*Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970). Defendants' answer makes it clear that they were aware of the material facts pertaining to the lawsuit. Moreover, defendants' discovery efforts which commenced with the filing of their answer resulted in responses from plaintiff which clearly revealed his position as to the events surrounding the alleged release. Had defendants desired more specific pleadings, they could have moved the trial judge to order a reply pursuant to Rule 7.

Plaintiff's complaint stated a claim in negligence. Defendants' answer raised the affirmative defense of release. A release procured by fraud or misrepresentation is invalid. *Cunningham v. Brown,* 51 N.C. App. 264, 276 S.E. 2d 718 (1981). The duty of a person signing a contract to read the contract is not absolute. *Sexton v. Lilley,* 4 N.C. App. 606, 167 S.E. 2d 467 (1969).

The materials on file clearly show that, while the parties are in agreement that plaintiff did in fact sign the release, there are genuine disputes as to whether he knew what he was signing and as to whether the release was obtained by misrepresentation or fraud. At summary judgment, the trial court must consider not only the pleadings, but also the facts which are forecast by the evidentiary showing. *See Mims v. Mims,* 305 N.C. 41, 286 S.E. 2d 779 (1982), and cases cited therein. The judgment of the trial court must be reversed and the case remanded for trial.

Reversed and remanded.

Chief Judge VAUGHN and Judge BRASWELL concur.