CECIL TOWERY v. T. D. ANTHONY

No. 8327SC275

(Filed 1 May 1984)

**Accord and Satisfaction § 1; Rules of Civil Procedure §§ 12.1, 56.4— alleged accord and satisfaction for negligent construction of house—either judgment on pleading or summary judgment improper**

In an action in which plaintiff's complaint was sufficient to allege a claim for relief for breach of the implied warranty which accompanied the sale of a newly constructed dwelling, the trial court erred in granting defendant's motion for either judgment on the pleadings pursuant to G.S. 1A-1, Rule 12(c), or for summary judgment pursuant to G.S. 1A-1, Rule 56. Defendant's defense of accord and satisfaction is not among those defenses properly made by motion, G.S. 1A-1, Rule 12(b), and the bare allegations of defendant's unverified motion could not constitute a forecast of evidence which required plaintiff to respond at peril of summary judgment.

APPEAL by plaintiff from *Burroughs, Judge.* Judgment entered 12 July 1982 and Order entered 29 October 1982 in Superior

Court, CLEVELAND County. Heard in the Court of Appeals 9 February 1984.

Plaintiff appeals from a judgment dismissing his complaint with prejudice on the ground that the claim for relief asserted "should be barred based on the affirmative defense of accord and satisfaction raised by the defendant in his defensive pleading."

*Hamrick & Hamrick, by J. Nat Hamrick, for plaintiff appellant.*

*O. Max Gardner, III, for defendant appellee.*

WHICHARD, Judge.

I.

Plaintiff filed an unverified complaint alleging the following:

He contracted with defendant for the construction of a house, paid defendant the contract price, and moved into the house. About a year later he noticed that his floor and roof sagged, the floor joists were breaking and were not made of first-class lumber, one floor joist "was about to fall out and take the electrical wiring with it," and all the floor joists were made of knotty and weak lumber.

He informed defendant of the problems, and defendant performed further work on the broken floor joist. This did not remedy the situation, however, and he subsequently noticed further problems. He has asked defendant several times to fix the house, and defendant has refused.

He was informed and believed that he had been damaged in the sum of $10,000. He sought recovery of that sum, the cost of the action, and such other and further relief as the court found proper.

Defendant, in response, filed an unverified document captioned "Motion." The document contained six "motions," only one of which is pertinent on this appeal. It reads as follows:

FOURTH MOTION

The complaint . . . should be dismissed on the grounds that the acceptance by the plaintiff of certain alleged work

performed by the defendant . . . constitutes and did con-stitute an accord and satisfaction of any disputed claim or claims or causes of action that the plaintiff could or might have asserted against the defendant, and as a result thereof such accord and satisfaction is specifically pleaded in bar of any claim or claims for relief that the plaintiff might have against the defendant.

Plaintiff's unverified complaint, and defendant's unverified "Motion," are the only substantive pre-judgment materials in the record. Findings in the judgment, which are not excepted to, establish that in that state of the record the case was scheduled for a motion hearing on 12 July 1982; and that counsel for plain-tiff, who had advised counsel for defendant that he would be present, neither appeared nor contacted the court. The court postponed the hearing until later on the scheduled day to provide counsel for plaintiff an opportunity to appear or contact the court, but it ultimately proceeded to judgment in his absence.

The court made the following pertinent findings of fact:

9. In his fourth motion, the defendant contends that the complaint filed by the plaintiff should be dismissed on the grounds that the acceptance by the plaintiff of certain work alleged to have been performed by the defendant in Febru-ary of 1979 constitutes an accord and satisfaction of the disputed claim or claims or causes of action that the plaintiff could or might have asserted against the defendant in this cause.

10. The plaintiff, in his complaint, alleged that certain work had been performed by the defendant as set forth in the fourth motion.

11. The plaintiff has not produced any response or filed any counter-affidavits in opposition to the facts alleged in the fourth motion of the defendant nor has the plaintiff amended his complaint so as to clarify the allegations contained there-in regarding the work performed by the defendant in 1979.

12. As a result of the foregoing, the Court finds that the work performed by the defendant in repairing certain alleged defects to the plaintiff's residence constituted an accord and satisfaction of any claims or causes of action that the plaintiff

could or might have asserted against the defendant because of the defendant's construction of the plaintiff's home or the materials used therein.

It concluded as a matter of law that "[t]he claim for relief asserted by the plaintiff in his complaint should be barred based on the affirmative defense of accord and satisfaction raised by the defendant in his defensive pleading." It thus dismissed the complaint with prejudice.

The court subsequently heard a motion to reconsider filed by plaintiff. It found that "the . . . judgment . . . should be affirmed after re-hearing, and the case dismissed on the merits," and it ordered the action dismissed.

Plaintiff appeals.

## II.

Defendant did not state the rule pursuant to which he made his "FOURTH MOTION." The court found that "plaintiff has not produced any response or filed any counter-affidavits in opposition to the facts alleged in the fourth motion of the defendant nor has the plaintiff amended his complaint so as to clarify the allegations contained therein regarding the work performed by the defendant." It thus appears that the court treated the motion either as one for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12(c), or as one for summary judgment pursuant to G.S. 1A-1, Rule 56. In either event, we hold the ruling on the motion erroneous.

A pleading must contain "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief." G.S. 1A-1, Rule 8(a)(1). Judged by this standard, we find the complaint sufficient to allege a claim for relief for breach of the implied warranty which accompanies the sale of newly constructed dwellings in this jurisdiction. *See Hartley v. Ballou,* 286 N.C. 51, 209 S.E. 2d 776 (1974). Amendments "to clarify the allegations" were not necessary to assert a valid claim.

Defendant's unverified "FOURTH MOTION" merely *alleged* an affirmative defense of accord and satisfaction. Because it neither asserted a counterclaim nor raised a contributory negligence

defense, a reply pleading matter in denial or avoidance of the affirmative defense was neither required nor permitted except upon order of the court. G.S. 1A-1, Rule 7(a). The affirmative defense was deemed denied or avoided. G.S. 1A-1, Rule 8(d); *Brown v. Lanier*, 60 N.C. App. 575, 577, 299 S.E. 2d 279, 281 (1983).

Further, while "[t]he better pleading practice dictates that a plaintiff should not anticipate a defense and undertake to avoid it in his complaint," *Vernon v. Crist*, 291 N.C. 646, 650, 231 S.E. 2d 591, 593 (1977), plaintiff here did so. The complaint alleged that defendant's efforts in response to plaintiff's call regarding the problems "did not remedy the situation." It further alleged that "since then" plaintiff had asked defendant several times to fix the house, and defendant had refused. These allegations effectively deny that an accord and satisfaction occurred.

Treating defendant's "FOURTH MOTION" as one for judgment on the pleadings, the following principles apply:

> Upon a motion for judgment on the pleadings the allegations of the non-movant are taken as true and all contravening assertions of the movant are taken as false. (Citation omitted.) Judgment on the pleadings is not favored by the law, and the non-movant's pleadings will be liberally construed. (Citations omitted.) The trial court is required to view the facts and permissible inferences in the light most favorable to the non-movant. (Citation omitted.)

*Huss v. Huss*, 31 N.C. App. 463, 466, 230 S.E. 2d 159, 162 (1976). A motion for judgment on the pleadings is the proper procedure only "when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E. 2d 494, 499 (1974).

Pursuant to these principles, plaintiff's allegations are taken as true. As noted, they state a claim for relief for breach of implied warranty. Defendant's allegations of accord and satisfaction are taken as false. The allegations of the parties thus present issues of fact as to whether defendant breached the implied warranty which accompanied plaintiff's newly constructed dwelling, as plaintiff alleges; and if so, whether there has been an accord and satisfaction, as defendant alleges. It is not the case, then, that

"only questions of law remain." *Ragsdale, supra.* Judgment on the pleadings thus was improper.

The finding that "plaintiff has not produced any response or filed any counter-affidavits in opposition to the facts alleged in the fourth motion of the defendant" indicates that the court may have treated defendant's "FOURTH MOTION" as one for summary judgment. So treated, the judgment sought should have been rendered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show[ed] that there [was] no genuine issue as to any material fact and that [defendant was] entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c); *see, e.g., Kessing v. Mortgage Corp.*, 278 N.C. 523, 533-35, 180 S.E. 2d 823, 829-30 (1971).

As noted, the pleadings, *i.e.*, plaintiff's complaint and defendant's "FOURTH MOTION," do not show such. On the contrary, they present genuine issues of material fact as to breach of implied warranty and accord and satisfaction.

As further noted, the pleadings are the only substantive prejudgment materials in the record. There are no "depositions, answers to interrogatories, . . . admissions . . ., [or] . . . affidavits." G.S. 1A-1, Rule 56(c). The only material produced by defendant in response to plaintiff's complaint, *viz*, his unverified "FOURTH MOTION," could not serve as a forecast of evidence to which plaintiff was required to respond at peril of summary judgment.

There thus is no forecast of evidence either negating plaintiff's claim or sustaining the affirmative defense, on which defendant had the burden of proof. *Price v. Conley*, 21 N.C. App. 326, 328, 204 S.E. 2d 178, 180 (1974) ("on an affirmative defense, the burden of proof lies with the defendant"). Treating the motion as one for summary judgment, then, it was improper to grant it.

### III.

The posture of the case is as follows:

Plaintiff has sufficiently alleged a claim for relief for breach of implied warranty. Defendant, by motion, has alleged an affirmative defense of accord and satisfaction. Accord and satisfaction is

not among those defenses properly made by motion. *See* G.S. 1A-1, Rule 12(b).

There has been no discovery, and the record contains no forecast of evidence. The bare allegations of an unverified motion could not constitute a forecast of evidence which required plaintiff to respond at peril of summary judgment. Defendant thus has done nothing to sustain his burden of proof on the affirmative defense of accord and satisfaction.

In this state of the record, the conclusion that plaintiff's claim "should be barred based on the affirmative defense of accord and satisfaction raised by the defendant in his defensive pleading" was erroneous. The judgment dismissing the complaint with prejudice, and the subsequent order purporting to affirm the judgment, were thus improper.

Accordingly, the judgment and order are vacated, and the cause is remanded for further proceedings not inconsistent with this opinion.

Vacated and remanded.

Judges ARNOLD and BECTON concur.