MUIR LYON, JIM SCHENCK AND FRED STECK, PARTNERS D/B/A LYON, SCHENCK AND STECK ASSOCIATES, PLAINTIFFS v. CONTINENTAL TRADING COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF v. DOUG HORNER AND LACKEY INDUSTRIES, INC., THIRD-PARTY DEFENDANTS

No. 855SC12

(Filed 3 September 1985)

**1. Negligence § 22— storage of chemical in defective container—claim sufficiently stated**

  The trial court did not err by denying defendant's Rule 12(b)(6) motion to dismiss where plaintiffs clearly alleged in their complaint a claim for relief based upon defendant's storage of a chemical in defective and leaking containers and that such negligence on the part of the defendant was a proximate cause of the damage to plaintiffs' Swedish rayon fiber.

**2. Negligence § 29.1— negligent storage of chemical—evidence sufficient**

  The trial court did not err by denying defendant's motion to dismiss under G.S. 1A-1, Rule 41(b) where the court made findings of fact supported by the evidence which clearly disclosed that defendant was negligent in the storage of a chemical and that such negligence was a proximate cause of damage to plaintiffs' Swedish rayon fiber.

**3. Evidence § 45— non-expert testimony as to value—admissible**

  In an action to recover damages caused by the negligent storage of chemicals, the trial court did not err by allowing a witness to testify as to the value of plaintiffs' fiber damaged by the chemicals leaking from defendant's containers where the witness testified on direct examination that he was

familiar with two invoices that described the number of bales of Swedish fiber which were stored in the warehouse along with the chemical in the leaking containers, these invoices were introduced into evidence, the testimony of the witness demonstrated his considerable experience and knowledge concerning the particular fiber involved in this case, the witness detailed his information and knowledge as to the manner in which the fiber was damaged and that such damaged fiber was sold for salvage, the record disclosed that the witness was testifying from notes made "at the time," and defendant did not cross-examine the witness at trial as to the value of the material damaged by defendant's negligence.

APPEAL by defendant Continental Trading Company from *Llewellyn, Judge.* Judgment entered 17 May 1984 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 12 August 1985.

This is a civil action wherein plaintiffs seek to recover $47,081.84 for damage done to their bales of fiber by defendant's chemicals which were allegedly stored negligently in rusty containers.

In their complaint, plaintiffs alleged that they had stored 384 bales of Swedish rayon fiber in a warehouse operated by Lackey Industries, Inc., and that defendant had stored a chemical known as "2-4 Dinitrophenol" in the same warehouse. Plaintiffs further alleged that defendant knew or should have known of the deteriorated and leaking condition of the containers in which the chemical was contained, and that the chemical leaked out of some of the containers, contaminating plaintiffs' yarn. Defendant answered, admitting that it had entered into a storage contract with Lackey Industries, Inc., and then impleaded Lackey as a third party defendant.

After a trial before the judge without a jury, the court made findings of fact which, except where quoted, are summarized as follows: In late 1979 plaintiffs and defendant, unbeknownst to one another, each contracted with Lackey Industries, Inc., for storage space. Defendant's president, Dr. Liu, notified Lackey that it needed to store 1,800 drums of Dinitrophenol and stated that the drums containing the chemicals were either new or reconditioned. The drums received in the first shipment were in good condition. Thereafter, shipments contained some drums which were not in good condition, and Dr. Liu was notified of this fact. The drums of Dinitrophenol were stored near plaintiffs' bales of yarn in the

same warehouse. The results of this storage are noted in Finding of Fact No. 9:

> 9. Soon after the drums of dinitrophenol started arriving some of these started leaking a yellowish liquid. After the liquid evaporated, a yellowish powder type residue was left. Personnel from Lackey Industries swept, mopped, and tried to clean this up. However, every day new liquid deposits were noted on the floor and every work day employees of the warehouse spent some time attempting to clean up this liquid. That the usual activity in the warehouse, such as movement of people, forklifts and movement of air throughout the warehouse caused this yellow dust to settle on goods stored in the warehouse including the plaintiff's bales of Swedish made rayon fiber. After a day's work the employees of Lackey Industries would be covered with yellow dust which would wash out of their clothes but which stained their skin somewhat.

The trial court further found the value of the yarn in its undamaged state to be $66,680.86 and that it was sold as salvage for $19,599.02.

Based on its findings of fact, the trial court drew the following conclusions of law:

> . . .

> 2. That as a result of the negligence of the defendant 93,345 pounds of the plaintiff's rayon was stained and damaged at the Lackey Warehouse in Whiteville, North Carolina. The total value of the damaged rayon is $66,680.86.

> 3. That the plaintiff sold its damaged rayon for a net salvage price of $19,599.02. Consequently, the plaintiff has been damaged in the amount of $47,081.84.

The court also found and concluded that plaintiffs had settled a claim against Lackey Industries for $10,000, and that defendant Continental Trading Co. was entitled to a credit on the judgment against it in the amount of $10,000.

From a judgment that plaintiffs recover of defendant $37,081.84, defendant appealed.

*Johnson & Lambeth, by Robert Johnson, for plaintiffs, appellees.*

*Dean R. Davis for defendant, appellant.*

HEDRICK, Chief Judge.

[1]  Based on Assignment of Error No. 3, defendant contends the trial court erred in denying its 12(b)(6) motion to dismiss for the failure of the complaint to state a claim upon which relief could be granted. Defendant argues that the complaint does not allege the elements of a negligence action with sufficient particularity so as to state a cognizable claim.

This Court has on a number of occasions stated the rule applicable to 12(b)(6) motions to dismiss. "A complaint should not be dismissed for failure to state a valid claim unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Unless the face of the complaint shows an insurmountable bar to recovery, plaintiff's action should not be dismissed on the pleading." *Piatt v. Doughnut Corp.*, 28 N.C. App. 139, 142, 220 S.E. 2d 173, 175 (1975), *disc. rev. denied*, 289 N.C. 299, 222 S.E. 2d 698 (1976).

Plaintiffs have clearly alleged in their complaint a claim for relief based upon defendant's storage of the chemical Dinitrophenol in defective and leaking containers and that such negligence on the part of defendant was a proximate cause of the damage to plaintiffs' Swedish rayon fiber. There is nothing whatsoever alleged or unalleged in plaintiffs' complaint to establish an insurmountable bar to plaintiffs' claim. Defendant's assignment of error to the denial of its 12(b)(6) motion borders on the frivolous.

[2]  Based on Assignment of Error No. 2, defendant contends the trial court erred in denying defendant's motion to dismiss made pursuant to Rule 41(b). Here defendant contends that plaintiffs failed to show their right to relief based on their evidence at trial.

Rule 41(b) in pertinent part provides:

> . . . After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move

for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. . . .

Having made findings of fact which clearly disclose that defendant was negligent in the storage of the chemical Dinitrophenol, and that such negligence was a proximate cause of the damage to plaintiffs' Swedish rayon fiber, and since these findings are supported by the evidence in the record, it is clear the trial court did not err in denying defendant's motion to dismiss pursuant to Rule 41(b).

[3] Assignments of Error Nos. 1, 4, 5, 6, and 7 and the exceptions upon which they are based raise the questions of whether the trial court erred in allowing the witness Earl Stewart to testify as to the value of the Swedish rayon fiber stored in the Lackey Industries warehouse, and whether the court erred in finding and concluding the extent of plaintiffs' damage based on such testimony.

The only evidence in this record with respect to the value of plaintiffs' property damaged by the chemical leaking from defendant's drums came from the witness Earl Stewart, "associated and employed by" plaintiffs. He testified that the rayon described in certain invoices (Exhibit No. 3) had a total value of $66,680.86, and that the same material had a salvage value after being damaged of $19,599.02. Although Stewart was not denominated by the court as an expert witness, he was certainly qualified by experience and observation as shown by his further testimony in the transcript to communicate his knowledge of the fiber's value, and such testimony is admissible. *Huff v. Thornton*, 287 N.C. 1, 213 S.E. 2d 198 (1975).

The witness testified on direct examination that he was familiar with two invoices (Exhibit No. 3) that describe the number of bales of Swedish fiber which were stored in the Lackey Industries warehouse along with the chemical in the leaking containers. These invoices were introduced into evidence and disclosed that 672 bales of fiber were stored in the warehouse. The testimony of the witness demonstrates his considerable experience and knowledge concerning the particular fiber involved in this case. The witness detailed his information and knowledge as to the manner in which the fiber was damaged and that such

damaged fiber was sold for salvage. The record discloses that the witness was testifying from notes made "at the time."

We hold that the witness was qualified to testify as to the value of plaintiffs' fiber damaged by the chemicals leaking from defendant's containers, and that the trial court did not err in allowing all of his testimony challenged by the exceptions upon which these assignments of error are based. We note also that defendant did not cross-examine the witness at trial as to the value of the material damaged by defendant's negligence.

We hold the findings made by the trial court support the conclusions of law drawn therefrom, which in turn support the judgment entered.

Affirmed.

Judges WEBB and WELLS concur.