REBECCA DUNKLEY, Plaintiff v. LEE H. SHOEMATE, ERIC B. MUNSON, DAVID S. JANOWSKY, PRESTON A. WALKER, MARY F. LUTZ and DOE ONE, DOE TWO, and DOE THREE, Defendants

No. COA95-279

(Filed 2 January 1996)

**Limitations, Repose, and Laches § 119 (NCI4th)— mental disability—plaintiff not required to plead in avoidance of statute of limitations**

> Plaintiff not required to plead mental disability in avoidance of the affirmative defense of the statute of limitations. Even though plaintiff was not required to plead mental disability, she set forth allegations that should have put defendants on notice that she may have been prevented from filing her claims because of mental disability where she alleged that she entered UNC Hospital to receive treatment for depression and debilitating psychological illness and was undergoing outpatient treatment at the time defendant psychiatric resident had nonconsensual sex with her, that defendant resident threatened to commit her to a psychiatric hospital if she told, and that she required additional psychiatric hospital admissions as a result of the resident's actions.

**Am Jur 2d, Limitations of Actions §§ 178, 179, 186-190.**

**Time of existence of mental incompetency which will prevent or suspend running of statute of limitations. 41 ALR2d 726.**

Appeal by plaintiff from order entered 3 November 1994 by Judge B. Craig Ellis in Orange County Superior Court. Heard in the Court of Appeals 5 December 1995.

*Law Offices of Grover C. McCain, Jr., by Grover C. McCain, Jr., and Law Office of Glenn C. Veit, by Glenn C. Veit, for plaintiff-appellant.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Robert M. Clay, Donna R. Rutala, and G. Lawrence Reeves, Jr., for defendant-appellee Shoemate; Yates, McLamb & Weyher, L.L.P., by Bruce W. Berger, for defendants-appellees Munson, Janowsky, and Lutz; Young, Moore, and Henderson, P.A., by M. Lee Cheney and Glenn C. Raynor, for defendant-appellee Walker.*

DUNKLEY v. SHOEMATE

[121 N.C. App. 360 (1996)]

LEWIS, Judge.

This appeal is from a Rule 12(b)(6) dismissal of plaintiff's claim. N.C.R. Civ. P. 12(b)(6). For Rule 12(b)(6) purposes, plaintiff's allegations are taken as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 83, 221 S.E.2d 282, 290 (1976).

Plaintiff alleges the following: She was hospitalized at University of North Carolina Hospital in Chapel Hill (UNC Hospital) on 25 September 1989 "for care and treatment of depression and debilitating psychological illness." After her discharge on 10 October 1989, defendant Lee H. Shoemate was assigned to provide her with psychiatric outpatient treatment. Shoemate had been employed as a resident in psychiatry at UNC Hospital since 18 July 1989. On 14 August 1990 Shoemate engaged in non-consensual sexual intercourse with plaintiff. On 1 October 1990, Shoemate resigned upon the discovery that he had misrepresented his credentials. On his residency application, he had falsely claimed to be a student at Harvard Medical School who would graduate in August 1989. However, he had never attended Harvard Medical School and was not a medical doctor. Plaintiff claims that the other named defendants were negligent in hiring and retaining Shoemate and seeks to impute his tortious conduct to them. She seeks compensatory and punitive damages for her injuries.

On 13 July 1994, plaintiff filed this action asserting claims for battery, assault, intentional infliction of emotional distress, fraud, and negligence. Defendants Shoemate and Walker answered asserting that the statutes of limitations had run on all of plaintiff's claims. Defendants Walker, Munson, Janowsky, and Lutz moved to dismiss plantiffs' complaint. By order filed 3 November 1994, Judge B. Craig Ellis dismissed plaintiff's claims for failure to file within the applicable statutes of limitations. Plaintiff appeals.

The dispositive issue is whether plaintiff was required to plead mental disability in avoidance of the affirmative defense of statute of limitations.

A complaint should not be dismissed under Rule 12(b)(6) unless the complaint on its face shows an insurmountable bar to recovery. *Lyon v. Continental Trading Co.*, 76 N.C. App. 499, 502, 333 S.E.2d 774, 776 (1985) (quoting *Piatt v. Doughnut Corp.*, 28 N.C. App. 139, 142, 220 S.E.2d 173, 175 (1975), *disc. review denied*, 289 N.C. 299, 222 S.E.2d 698 (1976)). Defendants assert that plaintiff's complaint shows that her claims for assault and battery are barred by the one year

statute of limitations, *see* N.C.G.S. section 1-54(3) (Cum. Supp. 1995), and that her claims for negligence, fraud, and intentional infliction of emotional distress are barred by three year statute of limitations. *See* N.C.G.S. 1-52(5),(9) and (16) (Cum. Supp. 1995).

Plaintiff asserts that the statutes of limitations were tolled by her mental disability. Mental disability tolls a statute of limitations until after the disability is removed. The disability statute, in pertinent part, provides:

> (a) A person entitled to commence an action who is at the time the action accrued either (1) Within the age of 18 years; or (2) Insane; or (3) Incompetent as defined in G.S. 35A-1101(7) or (8) may bring his action within the time herein limited, after the disability is removed . . . .

N.C.G.S. § 1-17(a) (Cum. Supp. 1995). N.C.G.S. section 35A-1101(7) defines an "incompetent adult" as

> an adult or emancipated minor who lacks sufficient capacity to manage his own affairs or to make or communicate important decisions concerning his person, family, or property whether such lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition.

N.C.G.S. § 35A-1101(7) (1995). The standard for determining whether a plaintiff is "insane" for the purposes of tolling the statute or limitations is similar to the definition under section 35A-1101(7), i.e., whether one has the "mental competence to manage one's own affairs". *Cox v. Jefferson-Pilot Fire and Casualty Co.*, 80 N.C. App. 122, 125, 341 S.E.2d 608, 610, *cert. denied*, 317 N.C. 702, 347 S.E.2d 38 (1986).

The statute of limitations is an affirmative defense that must be pled in a responsive pleading. See N.C.R. Civ. P. 8(c) (1990) (listing various affirmative defenses). Rule 8(d) of the Rules of Civil Procedure deems affirmative defenses in the answer as being denied or avoided if a reply is neither required or permitted. N.C.R. Civ. P. 8(d) (1990); *Brown*, 60 N.C. App. at 577, 299 S.E.2d at 281. The issue is joined without further pleadings, and discovery may proceed. Rule 7(a) of the Rules of Civil Procedure does not permit a party to file a reply to an affirmative defense asserted in an answer unless the court

orders the reply, *see* N.C.R. Civ. P. 7(a), and a party is not required to seek permission to plead matters in avoidance of an affirmative defense. *Brown v. Lanier*, 60 N.C. App. 575, 577, 299 S.E.2d 279, 281 (1983) (citing *Vernon v. Crist*, 291 N.C. 646, 231 S.E.2d 591 (1977)).

Thus, in this case, defendants' affirmative defense of the statute of limitations is deemed avoided, the issue joined, and discovery may proceed. No reply pleading was required or permitted, and plaintiff was not required to plead mental disability in her complaint.

We recognize that this approach may effectively preclude the use of a 12(b)(6) dismissal when replies to affirmative defenses are neither required nor permitted. It would seem to set the stage for an "ambush" and leave untended the idea of notice pleading. Nevertheless, in this case, we are bound by *Brown v. Lanier* and must deem the statute of limitations defenses as pled in avoidance.

Furthermore, even though plaintiff was not required to plead mental disability, she has set forth allegations that should put defendants on notice that she may have been prevented from filing her claims because of mental disability. Plaintiff alleges that she entered UNC Hospital to receive treatment for "depression and debilitating psychological illness" and that she was undergoing outpatient treatment with Shoemate at the time of the alleged sexual contact. She further alleges that Shoemate threatened to commit her to a psychiatric hospital if she told, and that plaintiff required additional psychiatric hospital admissions as a result of Shoemate's actions.

It must be determined by the facts whether plaintiff's condition rises to the level of "insanity" or incompetence under the statute. If so, the statutes of limitations were tolled while that condition prevailed.

Since *Brown* controls, we must reverse and remand.

Judges WYNN and JOHN concur.