ELMORE, Judge.
 

 *409
 
 Patricia K. Holton (plaintiff) appeals from an order dismissing with prejudice her complaint against her ex-husband, George F. Holton, Jr. (defendant), on grounds that her claims for equitable distribution (ED) and spousal support were waived by the parties' prior separation and property settlement agreement (hereinafter, the "separation agreement"). Plaintiff also appeals from an order denying her motions for a new hearing or, in the alternative, to set aside the dismissal order.
 

 Because the trial court's dismissal of plaintiff's complaint was either premised upon its erroneous Rule 12(b)(6) dismissal of her claim for rescission of the separation agreement, or its improper Rule 12(b)(6) dismissals of her ED and spousal support claims, we reverse. In light of our holding, we dismiss as moot plaintiff's appeal from the subsequent order denying her motions for relief from the dismissal order.
 

 *410
 

 I. Background
 

 On 22 May 2015, plaintiff filed a complaint against defendant seeking ED, postseparation support, and attorneys' fees. In her complaint, she acknowledged that she signed the separation agreement but raised allegations challenging its validity on grounds of lack of mental capacity, duress, fraud, and unconscionability. But she never enumerated a separate claim for relief in the form of rescission of the separation agreement.
 

 On 25 June 2015, defendant filed an answer in which he moved to dismiss plaintiff's complaint and for Rule 11 sanctions on grounds that her right to seek ED and spousal support were waived by the separation agreement. On 7 August 2015, plaintiff filed a response to defendant's motions, alleging that when she signed the separation agreement, "she was on medication that affected her mental capacity"; that defendant "forced her to sign the agreement, taking her to an attorney's office (that he had hired), and telling her to 'sign here' "; that she "did not understand the agreement, what it purported to do, or what her rights where [sic]"; that "[s]he did not, and was not allowed to consult with her own attorney prior to executing the agreement"; and that "the agreement was procured by fraud on the part of [defendant] in that it omitted a substantial marital asset from the provisions: Namely his retirement[.]" Therefore, on the grounds of lack of mental capacity, duress, fraud, and unconscionability, plaintiff requested that the trial court "conduct an evidentiary hearing to determine whether or not grounds exist for setting aside the Separation Agreement that the Defendant is relying on in filing his motion to dismiss." However, plaintiff's requested
 
 *652
 
 evidentiary hearing was neither further pursued nor ever conducted.
 

 On 9 September 2015, without leave of court, plaintiff filed an amended complaint. The factual allegations of that complaint were identical to those in her original complaint but she added a fourth claim for relief in the form of rescission of the separation agreement.
 

 On 8 February 2016, the trial court heard defendant's motions to dismiss and for Rule 11 sanctions. At the hearing, plaintiff orally moved for retroactive leave to amend her complaint to add the rescission claim. By written order entered 6 June 2016, the trial court denied defendant's motions and plaintiff's oral motion. In its order, the trial court found that plaintiff's "original complaint contains facts alleged sufficient to proceed on a rescission claim" and thus concluded that plaintiff's "claims are properly before the Court, and [she] may proceed on those claims," and that her "claim for rescission relates back to the original complaint ...." In denying plaintiff's oral motion for retroactive leave to amend
 
 *411
 
 her complaint, the trial court determined that "should Plaintiff desire to proceed on an amended complaint, she must file a motion for leave of court, but the Plaintiff's claims can move forward as originally pled." Plaintiff never later moved for leave to amend her complaint.
 

 On 29 June 2016, defendant filed an amended motion to dismiss the complaint. He acknowledged that the trial court had previously denied his first dismissal motion due to plaintiff's potential rescission claim but asserted affirmative defenses that, since that time, the rescission claim was now barred by the expiration of the applicable statutory limitation period, and plaintiff failed to timely prosecute that claim. Defendant also asserted that, absent rescission of the parties' separation agreement that barred plaintiff from seeking ED and spousal support, the trial court lacked jurisdiction over her complaint. Defendant filed written notice that the matter was scheduled to be heard on 21 July 2016.
 

 On 20 July 2016, plaintiff filed a response to defendant's amended motion to dismiss in which she asserted that the trial court's prior dismissal order established the "law of the case" that her original complaint was adequate to plead a claim for rescission, which was therefore timely asserted.
 

 On 21 July 2016, the day defendant noticed his amended dismissal motion hearing, defendant's counsel was present and plaintiff's counsel appeared telephonically. While the transcript of that hearing is absent from the appellate record, the record discloses that the trial court rescheduled the hearing with both parties' consent.
 

 On 3 August 2016, the day the hearing was rescheduled, defendant and his counsel were present but neither plaintiff nor her counsel appeared. According to the four-page transcript of that hearing, the trial court found that plaintiff's complaint did put defendant "on notice of a motion to rescind" but that "no motion to rescind or hearing was officially filed." The trial court noted defendant's argument that the statute of limitation had now expired on plaintiff's potential rescission claim. In ruling to grant defendant's dismissal motion, the trial court reasoned:
 

 [THE COURT]: ... So the Court is going to at this point because [plaintiff's counsel] is not present-he was on the phone when we scheduled this hearing for the Court to hear further argument on this issue-the Court is going to grant [defendant's] Motion to Dismiss.
 

 ...
 

 *412
 
 [THE COURT]: And the Court will note that ... procedurally there was [sic] some missteps here. And so ... Plaintiff[ ] cannot prevail and the Motion to Dismiss is granted.
 

 In its written order entered 24 August 2016, the trial court noted that "neither Plaintiff nor Plaintiff's counsel [were] present despite being properly noticed to appear" and made the following relevant findings:
 

 2. Prior to the parties' divorce judgment ..., the parties executed a Separation Agreement and Property Settlement Agreement (hereinafter the "Separation Agreement") on April 18, 2013.
 

 3. On May 22, 2015, Plaintiff filed a Complaint which included claims for Equitable Distribution and Post-Separation Support.
 

 *653
 
 Those claims, however, had been previously waived in the parties' separation agreement.
 

 4. Even though Plaintiff's Complaint did not include a claim for rescission of the parties' separation agreement, the Court has previously opined that her vague reference to the circumstances surrounding the contract was enough to survive Defendant's prior Motion to Dismiss.
 

 5. But since the time the Court denied Defendant's prior Motion to Dismiss, the Statute of Limitations has expired on Plaintiff's claim for rescission. Plaintiff has made no efforts to advance a potential claim for rescission of the parties' separation agreement.
 

 6. Plaintiff never filed a Motion to Amend her original Complaint. It is too late to file a claim for rescission of the parties' separation agreement.
 

 7. Moreover, Plaintiff failed to take steps to challenge the validity of the parties' agreement within a reasonable time following the execution of that agreement, and she has ratified the agreement by her actions.
 

 8. The Court does not have subject matter jurisdiction over the equitable distribution and post-separation support claims filed by Plaintiff. Those claims were resolved via the parties' separation agreement.
 

 9. The Court grants Defendant's Amended Motion to Dismiss Plaintiff's claims for equitable distribution and
 
 *413
 
 post-separation support. Since the parties are divorced and since those claims have already been resolved by the parties' separation agreement, they cannot be refiled.
 

 Based on these findings, the trial court concluded that "[w]ithout rescission of the parties' separation agreement, Plaintiff cannot maintain claims for spousal support or equitable distribution against the Defendant" and thus granted defendant's amended dismissal motion and dismissed with prejudice plaintiff's complaint. Plaintiff timely appealed from this order.
 

 Meantime, on 5 August 2016, two days after the rescheduled hearing on defendant's amended dismissal motion and before entry of the 26 August dismissal order, plaintiff filed, purportedly under Rule 60(b), a "Motion for re-hearing on Defendant's amended motion to dismiss; Motion in the alternative to vacate/set aside order for dismissal." After a 9 November 2016 hearing, the trial court denied plaintiff's motions by written order entered 11 January 2017. Plaintiff timely appealed from this order.
 

 II. Alleged Errors
 

 On appeal, plaintiff contends the trial court erred by dismissing with prejudice her action on the ground that she adequately pled and timely asserted a claim for rescission of the parties' separation agreement. Thus, she argues, the trial court had no basis for dismissing her complaint under Rule 12(b)(1) for lack of jurisdiction over the subject matter of her ED and spousal support claims. She also contends that the trial court erred by denying her Rule 60(b) motions for a new hearing and to set aside the dismissal order. Because we ultimately reverse the trial court's dismissal order, we dismiss plaintiff's appeal from the Rule 60(b) order as moot and thus need not address the propriety of that order.
 
 See
 

 Harbin Yinhai Tech. Dev. Co. v. Greentree Fin. Grp., Inc.
 
 ,
 
 196 N.C. App. 615
 
 , 626,
 
 677 S.E.2d 854
 
 , 861 (2009) ("Because we are reversing the order of dismissal, the issue of whether the trial court should have set aside the order of dismissal is moot.").
 

 III. Analysis
 

 Plaintiff contends the trial court erred by dismissing under Rule 12(b)(1) her ED and spousal support claims on the ground that she adequately pled in her complaint, and thus timely asserted, a claim for rescission of the separation agreement. Defendant contends that because plaintiff never adequately pled a rescission claim before the applicable three-year statutory limitation period had expired, the
 
 *414
 
 trial court correctly determined it lacked subject-matter jurisdiction over her ED and spousal support claims and thus properly dismissed her complaint.
 

 A. Standard and Scope of Review
 

 At the outset we note that the failures of both defendant and the trial court to identify which civil procedure rule or rules supported
 
 *654
 
 either the dismissal motion or the trial court's dismissal of particular claims muddies appellate review. Both parties cite to Rule 12(b)(1) in the standard of review sections of their briefs, because the trial court found that it lacked subject-matter jurisdiction over plaintiff's ED and spousal support claims on the grounds that those claims were waived by the separation agreement. However, plaintiff notes, and we agree, that it is unclear under which subsection of Rule 12(b) her action was dismissed. But plaintiff reasons that, under either Rules 12(b)(1) or 12(b)(6), the same review standard applies. While we apply a
 
 de novo
 
 standard when reviewing either a Rule 12(b)(1) or 12(b)(6) dismissal, identifying the precise civil procedure rule underlying a dismissal is critical because it dictates our scope of review.
 

 Rule 12 requires that Rule 56 standards apply to a Rule 12(b)(6) motion for failure to state a claim when the trial court considers matters outside the pleading. N.C. Gen. Stat. § 1A-1, Rule 12(b) (2015) (providing that if, upon a Rule 12(b)(6) motion, the trial court considers "matters outside the pleading ..., the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.] ...");
 
 see also
 

 Stanback v. Stanback
 
 ,
 
 297 N.C. 181
 
 , 205,
 
 254 S.E.2d 611
 
 , 627 (1979) ("A Rule 12(b)(6) motion to dismiss for failure to state a claim is ... converted to a Rule 56 motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court." (citation omitted) ). However, Rule 12 does not mandate summary judgment review based on a Rule 12(b)(1) motion on jurisdictional grounds when the trial court considers matters outside the pleadings; rather, "[i]n considering a motion to dismiss for lack of subject matter jurisdiction, it is appropriate for the court to consider and weigh matters outside of the pleadings."
 
 Doe v. Diocese of Raleigh
 
 ,
 
 242 N.C. App. 42
 
 , 44 n.3,
 
 776 S.E.2d 29
 
 , 33 n.3 (2015) (citation and quotation marks omitted);
 
 see also
 

 Cunningham v. Selman
 
 ,
 
 201 N.C. App. 270
 
 , 280,
 
 689 S.E.2d 517
 
 , 524 (2009) ("Unlike a Rule 12(b)(6) dismissal, the court need not confine its evaluation of a Rule 12(b)(1) motion to the face of the pleadings, but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing." (citation, quotation marks, and brackets omitted) ).
 

 *415
 
 We thus turn to defendant's amended dismissal motion and the dismissal order for clarity.
 

 In his amended dismissal motion, defendant asserted that plaintiff's potential rescission claim was now statutorily time-barred, implicating Rule 12(b)(6) ; that she failed to timely prosecute that claim, implicating Rule 41(b); and that, "[w]ithout rescission of the parties' agreement, Plaintiff cannot maintain any claims against" him, implicating either Rule 12(b)(1), on the grounds that the trial court lacked subject-matter jurisdiction over the remaining claims in her complaint, or Rule 12(b)(6), on the grounds that in light of the separation agreement, plaintiff's complaint fails to state valid claims upon which relief could be granted. In its dismissal order, the trial court found that plaintiff failed to plead a rescission claim before expiration of the applicable statutory limitation period, implicating Rule 12(b)(6) ; that plaintiff failed to timely prosecute her potential rescission claim, implicating Rule 41(b); that, because the separation agreement waived her rights to seek ED and spousal support, it lacked jurisdiction over the subject matter of the claims in her complaint, implicating Rule 12(b)(1) ; and that without rescission of the parties' separation agreement, plaintiff cannot maintain ED and spousal support claims, implicating Rule 12(b)(6).
 

 As to the rescission claim, although the trial court's findings indicate that it may have determined under Rule 41(b) that plaintiff failed to timely and effectively prosecute that claim, neither the transcript nor the order contains findings addressing "(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice[,]" as required to effectuate a valid dismissal under Rule 41(b).
 
 Wilder v. Wilder
 
 ,
 
 146 N.C. App. 574
 
 , 578,
 
 553 S.E.2d 425
 
 , 428 (2001) (reversing a Rule 41(b) dismissal with prejudice for failure to prosecute a claim where the trial court failed to address these three factors). Accordingly, we conclude
 
 *655
 
 the trial court must have dismissed the rescission claim under Rule 12(b)(6).
 

 As to the remaining claims, the trial court's order indicates that it found it lacked subject-matter jurisdiction over the ED and spousal support claims but it dismissed plaintiff's complaint with prejudice, and a dismissal under Rule 12(b)(1) must be made without prejudice, since a trial court without jurisdiction would lack authority to adjudicate the matter.
 
 See
 

 Flowers v. Blackbeard Sailing Club, Ltd.
 
 ,
 
 115 N.C. App. 349
 
 , 353,
 
 444 S.E.2d 636
 
 , 639 (1994) ("Because we affirm the dismissal based on lack of subject matter jurisdiction we vacate that part of the
 
 *416
 
 judgment dismissing the complaint with prejudice."). We therefore conclude the trial court's dismissal must have been based on Rule 12(b)(6) grounds that, in light of the separation agreement waiving plaintiff's right to seek ED and spousal support, plaintiff's complaint failed to state valid claims for ED and postseparation support. Moreover, to the extent that the trial court dismissed plaintiff's complaint under Rule 12(b)(1) for lack of jurisdiction over the subject matter of her ED and spousal support claims as barred by the separation agreement, such a dismissal would have necessarily been predicated upon its Rule 12(b)(6) dismissal of the rescission claim, or upon its Rule 12(b)(6) dismissals of the ED and spousal support claims. It follows that Rule 12(b)(6) was the pivotal civil procedure rule underlying the trial court's dismissal of plaintiff's complaint.
 

 B. Review Standard
 

 We review
 
 de novo
 
 a Rule 12(b)(6) dismissal of a claim.
 
 State Emps. Ass'n of N.C., Inc. v. N.C. Dep't of State Treasurer
 
 ,
 
 364 N.C. 205
 
 , 210,
 
 695 S.E.2d 91
 
 , 95 (2010). The scope of our review is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory."
 

 Id.
 

 (citations and quotation mark omitted). Our "system of notice pleading affords a sufficiently liberal construction of complaints so that few fail to survive a motion to dismiss."
 
 Wray v. City of Greensboro
 
 ,
 
 370 N.C. 41
 
 , 46,
 
 802 S.E.2d 894
 
 , 898 (2017) (citation and quotation mark omitted). But dismissal is proper "if an examination of the complaint reveals that no law supports the claim, or that sufficient facts to make a good claim are absent, or that facts are disclosed which necessarily defeat the claim."
 
 State Emps. Ass'n of N.C.
 
 ,
 
 364 N.C. at 210
 
 ,
 
 695 S.E.2d at 95
 
 (citation omitted).
 

 C. Rescission Claim was Adequately Pled under Rule 12(b)(6)
 

 The gravamen of plaintiff's argument is that the trial court erred by dismissing her complaint with prejudice on grounds that the allegations of her complaint were adequate to plead a claim for rescission of the separation agreement, which would therefore render its dismissal of her complaint improper. We agree.
 

 Rule 8(a)(1) of our Rules of Civil Procedure requires that complaints include "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief[.]" N.C. Gen. Stat. § 1A-1, Rule 8(a)(1) (2015). Additionally, Rule 9 provides that "[i]n all averments of fraud, duress or mistake, the circumstances constituting fraud or mistake
 
 *417
 
 shall be stated with particularity." N.C. Gen. Stat. § 1A-1, Rule 9(b) (2015). A complaint sufficiently states a claim upon which relief can be granted when
 

 it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and by using the rules provided for obtaining pretrial discovery to get any additional information he may need to prepare for trial.
 

 Wray
 
 ,
 
 370 N.C. at 53
 
 ,
 
 802 S.E.2d at 902
 
 (citation and quotation marks omitted).
 

 Marital separation agreements are contracts and are similarly subject to rescission due to lack of mental capacity, duress, or fraud, and are unenforceable on grounds of unconscionability.
 

 *656
 

 Sidden v. Mailman
 
 ,
 
 137 N.C. App. 669
 
 , 675,
 
 529 S.E.2d 266
 
 , 270 (2000) ("Separation and/or property settlement agreements are contracts and as such are subject to rescission on the grounds of (1) lack of mental capacity, (2) mistake, (3) fraud, (4) duress, or (5) undue influence. Furthermore, these contracts are not enforceable if their terms are unconscionable." (citations omitted) ).
 

 In her complaint, plaintiff only enumerated separate claims for postseparation support, ED, and attorneys' fees. But she acknowledged that she signed a prior separation agreement and alleged the following:
 

 25. After the parties['] separation, Defendant/Husband caused the Plaintiff/Wife to sign an unconscionable and one-sided "separation agreement."
 

 26. This agreement was signed at such a time when Plaintiff/Wife was on post-surgery medications that affected her memory and reasoning.
 

 27. Plaintiff/Wife barely has a memory of signing the agreement.
 

 28. The agreement omits marital assets favors [sic] Defendant/Husband to an unconscionable degree.
 

 Under our notice-pleading standard, the allegations of plaintiff's complaint were adequate for her rescission claim to survive a Rule 12(b)(6) dismissal for failure to allege sufficient facts to state a claim. Despite not enumerating a separate rescission claim, when accepting the factual allegations surrounding the execution of the separation agreement as true, and liberally construing plaintiff's complaint, we conclude that
 
 *418
 
 her complaint provided defendant sufficient notice of the transaction-the allegedly invalid execution of the separation agreement-to produce a claim for rescission of that agreement. Furthermore, that plaintiff acknowledged she signed the separation agreement but nonetheless sought ED and spousal support implies that those claims were predicated upon an assertion that the agreement was invalid. Plaintiff's complaint therefore adequately put defendant on notice of her potential rescission claim. Because plaintiff sufficiently pled a rescission claim, and her complaint revealed no law or facts that necessarily defeated that claim, the trial court could not have properly dismissed her rescission claim under Rule 12(b)(6) for failure to allege sufficient facts.
 

 Further, as the trial court correctly determined in its June 2016 order denying defendant's first dismissal motion, because the allegations of plaintiff's complaint were adequate for her rescission claim to survive Rule 12(b)(6) scrutiny, that claim was thus asserted when she filed her 22 May 2015 complaint. Since her complaint was initiated within the three-year statutory limitation period applicable to a claim for rescission of a contract executed on 18 April 2013, the rescission claim was timely asserted and was not statutorily barred under Rule 12(b)(6).
 

 Therefore, to the extent the trial court dismissed plaintiff's complaint under Rule 12(b)(1) based on its determination that it lacked jurisdiction over the subject matter of the ED and spousal support claims because plaintiff never adequately pled nor timely asserted a rescission claim under Rule 12(b)(6), its order must be reversed.
 

 D. Other Rule 12(b)(6) Grounds
 

 To the extent that the trial court dismissed plaintiff's complaint under Rule 12(b)(1) based on Rule 12(b)(6) grounds other than the sufficiency of allegations to support a rescission claim, or under Rule 12(b)(6) grounds that plaintiff's complaint failed to state claims for relief because the separation agreement waived her right to assert such claims, the trial court's order establishes that it considered matters outside the pleading, and thus its dismissal ruling is properly reviewed as one of summary judgment on appeal.
 
 See, e.g.
 
 ,
 
 Weaver v. Saint Joseph of the Pines, Inc.
 
 ,
 
 187 N.C. App. 198
 
 , 204-06,
 
 652 S.E.2d 701
 
 , 707-08 (2007) (concluding that attachments to an answer, a reply with attachments, and an affidavit were "matters outside the pleading" converting a dismissal arising from a Rule 12(b)(6) motion into an
 
 *657
 
 order of summary judgment for purposes of appellate review).
 

 A document attached to and incorporated within a complaint is not considered a matter outside the pleading.
 
 See
 

 *419
 

 Eastway Wrecker Serv., Inc. v. City of Charlotte
 
 ,
 
 165 N.C. App. 639
 
 , 642,
 
 599 S.E.2d 410
 
 , 412 (2004) ("Since the exhibits to the complaint were expressly incorporated by reference in the complaint, they were properly considered in connection with the motion to dismiss as part of the pleadings." (citation omitted) ). Additionally, a document that is the subject of a plaintiff's action that he or she specifically refers to in the complaint may be attached as an exhibit by the defendant and properly considered by the trial court without converting a Rule 12(b)(6) motion into one of summary judgment.
 
 See
 

 Oberlin Capital, L.P. v. Slavin
 
 ,
 
 147 N.C. App. 52
 
 , 60,
 
 554 S.E.2d 840
 
 , 847 (2001) ("[W]hen ruling on a Rule 12(b)(6) motion, a court may properly consider documents which are the subject of a plaintiff's complaint and to which the complaint specifically refers even though they are presented by the defendant." (citation omitted) ).
 

 However, where a plaintiff simply refers to a document that was not the subject of his or her action, and the defendant attaches that document or an affidavit concerning that document to support a Rule 12(b)(6) or Rule 12(c) motion, the trial court's consideration of that document converts the motion into one for summary judgment.
 
 See
 

 Horne v. Town of Blowing Rock
 
 ,
 
 223 N.C. App. 26
 
 , 31,
 
 732 S.E.2d 614
 
 , 617-18 (2012) (holding that a Rule 12(c) motion was properly converted into one of summary judgment where the plaintiff asserting a negligence action against the town merely referenced in his complaint an insurance policy allegedly waiving the town's governmental immunity, the town attached an endorsement to that policy and an insurance adjustor's affidavit to support its motion, and the trial court relied on those attachments to support its ruling on the motion);
 
 see also
 

 Erie Ins. Exch. v. Builders
 

 Mut. Ins. Co.
 
 ,
 
 227 N.C. App. 238
 
 , 243,
 
 742 S.E.2d 803
 
 , 809 (2013) (holding that a Rule 12(c) motion was not converted into one of summary judgment where the trial court considered an insurance policy attached to the defendant-insurer's pleading on the ground that the plaintiff referenced the policy in his complaint and it was the subject of the plaintiff's action in which he sought a judicial declaration of the rights and obligations of the parties pursuant to their respective insurance policies). Additionally, "[o]ur case law has consistently treated submission of affidavits as a matter outside the pleadings."
 
 Horne
 
 ,
 
 223 N.C. App. at 30
 
 ,
 
 732 S.E.2d at 617
 
 (citations omitted).
 

 Here, the trial court's order establishes that it considered matters outside the pleadings, which were not the subject of plaintiff's action, in dismissing the complaint. Specifically, it found that the separation agreement was executed on 18 April 2013 and waived plaintiff's right to seek ED and postseparation support. These findings establish that the trial
 
 *420
 
 court either considered and relied on the terms of the separation agreement, which the record indicates was neither attached as an exhibit to the complaint nor defendant's first or second dismissal motion, or defendant's affidavit supporting his first dismissal motion, in which he asserted that plaintiff's claims were waived by the 18 April 2013 separation agreement. Both of these documents were matters outside the pleading that would have converted defendant's Rule 12(b)(6) motion into one of summary judgment.
 

 While the trial court could have looked to matters outside the pleading to dismiss plaintiff's ED and spousal support claims under Rule 12(b)(1) without mandating summary judgment review, such a dismissal would necessarily be predicated on the Rule 12(b)(6) grounds that either plaintiff failed to plead a valid rescission claim, or that she was not entitled to relief because her ED and spousal support claims were waived by the separation agreement. Because the latter determination was necessarily based on the terms of the separation agreement itself or defendant's affidavit, the trial court's dismissals of plaintiff's ED and spousal support claims must be reviewed under the summary judgment standard.
 

 *658
 
 We review
 
 de novo
 
 a trial court's summary judgment ruling.
 
 In re Will of Jones
 
 ,
 
 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008). Summary judgment "is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' "
 

 Id.
 

 (quoting
 
 Forbis v. Neal
 
 ,
 
 361 N.C. 519
 
 , 523-24,
 
 649 S.E.2d 382
 
 , 385 (2007) ). "All facts asserted by the adverse party are taken as true ... and their inferences must be viewed in the light most favorable to that party[.]"
 
 Dobson v. Harris
 
 ,
 
 352 N.C. 77
 
 , 83,
 
 530 S.E.2d 829
 
 , 835 (2000) (citations omitted).
 

 Here, the allegations in plaintiff's verified complaint challenged the validity of the separation agreement on grounds of lack of mental capacity, duress, and unconscionability. In defendant's first verified responsive pleading, he denied these allegations and moved to dismiss her complaint by asserting the affirmative defenses that the separation agreement resolved the parties' marital estate and waived their statutory rights to seek ED and spousal support. As these pleadings raise genuine issues about the validity of the separation agreement, defendant was not entitled to judgment as a matter of law on the ground that plaintiff's ED and spousal support claims were waived in the separation agreement, and the matter was not appropriate for summary judgment.
 
 See
 

 Brown v. Lanier
 
 ,
 
 60 N.C. App. 575
 
 , 576-77, 578,
 
 299 S.E.2d 279
 
 , 281 (1983) (reversing and remanding summary judgment order where the plaintiff's complaint
 
 *421
 
 pled a negligence claim and the defendant raised the affirmative defense of release, even though the plaintiff "failed to specifically plead the fraud he relie[d] on in avoidance of the release" defense);
 
 see also
 

 id.
 
 at 578,
 
 299 S.E.2d at 281-82
 
 ("The materials on file clearly show that, while the parties are in agreement that plaintiff did in fact sign the release, there are genuine disputes as to whether he knew what he was signing and as to whether the release was obtained by misrepresentation or fraud."). We therefore reverse the trial court's order dismissing plaintiff's complaint. In light of our holding, we dismiss as moot plaintiff's appeal from the subsequent order denying her motions for relief from the dismissal order.
 
 Harbin Yinhai Tech.
 
 ,
 
 196 N.C. App. at 626
 
 ,
 
 677 S.E.2d at 861
 
 .
 

 IV. Conclusion
 

 The trial court improperly dismissed plaintiff's rescission claim under Rule 12(b)(6). If the trial court's dismissal of plaintiff's complaint was made under Rule 12(b)(1) and predicated upon its erroneous Rule 12(b)(6) dismissal of her rescission claim, its order must be reversed. If the trial court's dismissals of the ED and spousal support claims were made under Rule 12(b)(6) on the ground that her complaint failed to state a claim for relief because the separation agreement waived her right to assert such claims, because the record establishes that the trial court considered matters outside the pleading in reaching its ruling, those dismissals are properly reviewed under the summary judgment standard. Because the pleadings raised genuine issues of material fact as to the validity of the separation agreement, defendant was not entitled to judgment as a matter of law and the trial court's dismissal of plaintiff's complaint with prejudice must therefore be reversed. In light of reversing the dismissal order, we dismiss as moot plaintiff's appeal from the subsequent order denying her motions for relief from the dismissal order.
 

 REVERSED IN PART; DISMISSED IN PART.
 

 Chief Judge McGEE and Judge MURPHY concur.