WALTER G. GREEN v. THAD EURE, as SECRETARY OF STATE

No. 7510SC347

(Filed 3 December 1975)

1. Constitutional Law § 10— legislative acts — judicial power to review

The Courts of this State have no inherent power to review acts of the General Assembly and to declare invalid those which the Courts disapprove or, upon their own initiative, find to be in conflict with the Constitution.

2. Constitutional Law § 4— constitutionality of statute — standing to raise

Only those persons may call into question the validity of a statute who have been injuriously affected thereby in their persons, property or constitutional rights, and it is not sufficient that plaintiff has merely a general interest common to all members of the public.

3. Constitutional Law § 4— citizen and taxpayer — no standing to raise constitutionality questions

Plaintiff who alleged that he is a citizen and taxpayer of the State had no more than a general interest common to all members of the public in the questions he sought to have determined, and plaintiff neither alleged nor offered proof that he occupies with respect to those questions any status legally different from that of all other citizens and taxpayers of the State, notwithstanding his allegation that he is an attorney at law actively practicing his profession in this State.

4. Constitutional Law § 10— judicial power — exercise only in actual controversy

Because the courts possess only judicial power they may not decide mere differences of opinion between citizens, or between citizens and the State, concerning the validity of a statute; rather, exercise of the judicial power is properly invoked only when it is necessary to determine the respective rights and liabilities or duties of litigants in an actual controversy properly brought before the court.

APPEAL by plaintiff from *Brewer, Judge.* Judgment entered 7 February 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 27 August 1975.

As result of Acts adopted by the 1969 General Assembly, seven proposals for changes in the North Carolina Constitution were submitted to the voters of the State at the general election held on 3 November 1970. One of these, proposed by Ch. 1004 of the 1969 Session Laws, failed of adoption. Each of the other six, proposed by Chapters 827, 872, 932, 1200, 1258, and 1270, received a majority of the votes cast at the 3 November 1970 election in favor of adoption.

On 24 November 1970 plaintiff, alleging he is a citizen and taxpayer of the State of North Carolina, resident in Alamance County, where he is engaged in the practice of his profession as an attorney at law, brought this action against the Secretary of State of North Carolina seeking (1) judgment declaring the statutes under which the six proposals on which a majority had voted for adoption and the vote taken thereon on 3 November 1970 to be unconstitutional and void, and (2) an injunction to restrain defendant "from receiving, enrolling and preserving in his office, as constitutional amendments; the purported constitutional changes in said chapters set forth." Plaintiff alleged that the challenged Session Laws are void because each prescribed "the submission to the voters of constitutional changes-in words which are so inadequately descriptive, and so false and misleading, as to the constitutional changes intended to be effected, that they are violative of the constitutional provision that all elections ought to be free, are devoid of the fundamental elements of due process of law, and calculated to prevent an expression of the will of the people." Additionally, as to the constitutional changes intended to be effected by Ch. 1258, described on the ballot as "revision and amendment of the Constitution of North Carolina," plaintiff alleged that the changes "are so many, and so extensive, as to propose in effect, and in fact, a new constitution, and as such do not constitutionally lend themselves to adoption under the provisions of section 2 of Article XIII of the Constitution of North Carolina."

On 22 December 1970 defendant Secretary of State filed answer in which he denied material allegations in the complaint dealing with the grounds for plaintiff's attack on the six statutes. Defendant's answer also asserted as affirmative defenses: (1) that on 9 December 1970 the Governor of North Carolina, pursuant to each of the acts referred to in the complaint, certified to defendant Secretary of State each Amendment to the Constitution which received a majority of the votes cast thereon at the 3 November 1970 General Election; that pursuant to such certification defendant Secretary of State had performed his ministerial duty of receiving and enrolling such amendments in his office; and that injunctive relief could not undo that which had already been done; (2) that plaintiff failed to state a claim upon which relief can be granted; and (3) that the Court has no jurisdiction of the defendant or the subject

matter in as much as this is an action against the State, which has not consented to be sued in this manner.

On 14 November 1972 defendant filed a motion to dismiss under Rule 41 (b) for failure of plaintiff to prosecute his action. The motion was allowed, but on plaintiff's appeal, this Court reversed. *Green v. Eure, Secretary of State,* 18 N.C. App. 671, 197 S.E. 2d 599 (1973).

On 20 February 1974 plaintiff obtained leave to amend his complaint to allege "in the alternative that Chapters 827, 872, 932 and 1200 of the 1969 Session Laws were repealed by Chapter 1258 of the 1969 Session Laws; and that all things done, after the enactment of said Chapter 1258, under color of the provisions of said Chapters 827, 872, 932 and 1200 were unlawful and void." This alternative allegation was denied by defendant.

Also on 20 February 1974 plaintiff filed motion for judgment on the pleadings, or in the alternative for summary judgment, on the ground that the pleadings and other papers filed show there is no genuine issue as to any material fact and plaintiff is entitled to judgment as a matter of law. Defendant also moved for judgment on the pleadings and to dismiss (a) for failure to state a claim upon which relief can be granted, (b) for that the Court does not have jurisdiction of the persons or the subject matter, and (c) for that injunction is not proper, as all matters have been completed for which injunctive relief is sought. By agreement of the parties the Court reserved ruling on the motions and heard the case on its merits.

On 7 February 1975 the Court entered order denying plaintiff's motions and on the same date entered judgment making findings and conclusions, on the basis of which the Court adjudged that plaintiff's action be dismissed. Plaintiff appealed.

*Walter G. Green, pro se, plaintiff appellant.*

*Attorney General Edmisten by Deputy Attorney General James F. Bullock for defendant appellant.*

PARKER, Judge.

The trial court made findings and conclusions favorable to defendant both on the merits of plaintiff's contentions and on defendant's affirmative defenses. Because we find that plain-

tiff lacks standing to raise the questions which he seeks to have adjudicated in this action, we affirm the judgment dismissing the action without reaching the merits of plaintiff's contentions.

[1]  The Courts of this State have no inherent power to review acts of the General Assembly and to declare invalid those which the Courts disapprove or, upon their own initiative, find to be in conflict with the Constitution. The Courts and the Legislature are coordinate branches of the State government and neither is superior to the other. *Nicholson v. Education Assistance Authority,* 275 N.C. 439, 168 S.E. 2d 401 (1969). Speaking for our Supreme Court in that case, Justice Lake said (p. 447) :

> "The authority of this Court to declare an act of the Legislature unconstitutional arises from, and is an incident of, its duty to determine the respective rights and liabilities or duties of litigants in a controversy brought before it by the proper procedure. To do so, this Court, in the event of a conflict between two rules of law, must determine which is the superior rule and, therefore, the rule governing the rights and liabilities or duties of the parties to the controversy before the Court. If there is a conflict between a statute and the Constitution, this Court must determine the rights and liabilities or duties of the litigants before it in accordance with the Constitution, because the Constitution is the superior rule of law in that situation."

[2]  Moreover, "[o]nly those persons may call into question the validity of a statute who have been injuriously affected thereby in their persons, property or constitutional rights." *Canteen Service v. Johnson, Comr. of Revenue,* 256 N.C. 155, 166, 123 S.E. 2d 582, 589 (1962). "The rationale of this rule is that only one with a genuine grievance, one personally injured by a statute, can be trusted to battle the issue." *Stanley, Edwards, Henderson v. Dept. of Conservation & Development,* 284 N.C. 15, 28, 199 S.E. 2d 641, 650 (1973). "It is not sufficient that he has merely a general interest common to all members of the public." *Charles Stores v. Tucker,* 263 N.C. 710, 717, 140 S.E. 2d 370, 375 (1965).

[3]  Here, plaintiff has alleged he is a citizen and taxpayer of the State. As such, he has no more than a "general interest common to all members of the public" in the questions he seeks to have determined in this litigation. He has neither alleged nor offered proof that he occupies with respect to those questions

Green v. Eure, Secretary of State

any status legally different from that of all other citizens and taxpayers of the State. That he is an attorney at law actively practicing his profession in this State is not sufficient to give him standing such as to authorize the court to interpret for him or to determine the validity of any statute which he may choose to question.

In the leading case of *Schieffelin v. Komfort*, 212 N.Y. 520, 106 N.E. 675 (1914), the New York Court of Appeals was confronted with a case in which, as in the case now before us, the validity of a statute leading to changes in the State Constitution was involved. In that case the plaintiff, a citizen, resident elector, and taxpayer of New York, sought an injunction to restrain the Secretary of State and others from taking steps preliminary to the nomination and election of delegates to a constitutional convention. Plaintiff contended that the act of the New York Legislature under which the people of the State had voted to call the convention was itself unconstitutional and void. The lower New York courts found plaintiff had standing to raise the question but found the challenged act to be constitutional and valid. The Court of Appeals held that plaintiff had no standing and therefore affirmed the order denying an injunction without reaching or passing on the constitutional questions which plaintiff sought to raise. Justice Chase, speaking for the New York Court of Appeals, said (106 N.E. at pp. 677, 678) :

"We are of the opinion that there is no inherent power in a court of equity to set aside a statute as unconstitutional except in a controversy between litigants where it is sought to enforce rights or to enjoin, redress, or punish wrongs affecting the individual life, liberty, or property of one or more of the litigants. The court has no inherent power to right a wrong unless thereby the civil, property, or personal rights of the plaintiff in the action or the petitioner in the proceeding are affected.

The rights to be affected must be personal as distinguished from the rights in common with the great body of people. Jurisdiction has never been directly conferred upon the courts to supervise the acts of other departments of government. The jurisdiction to declare an act of the Legislature unconstitutional arises because it is the province and duty of the judicial department of government to de-

clare the law in the determination of the individual rights of the parties.

The assumption of jurisdiction in any other case would be an interference by one department of government with another department of government when each is equally independent within the powers conferred upon it by the Constitution itself. *Matter of Guden,* 171 N.Y. 529, 64 N.E. 451.

Jurisdiction, being the power to hear and determine, is not given to the courts as guardians of the rights of the people generally against illegal acts of the executive or legislative branches of government. When a controversy arises between litigants, in which controversy the Constitution and an act of the Legislature are each invoked and they are in conflict, it is necessary to follow the Constitution, which is the supreme law, and ignore the act of the Legislature, and thus incidentally and necessarily the courts pass upon an act of a co-ordinate and independent department of government. That is the extent of the power of the judiciary over the legislative branch of government."

We find the reasoning of the New York Court of Appeals both persuasive and in harmony with the views many times expressed by our own Supreme Court.

[4] Because the courts possess only judicial power, they may not decide mere differences of opinion between citizens, or between citizens and the State, concerning the validity of a statute. Exercise of the judicial power is properly invoked only when it is necessary to determine the respective rights and liabilities or duties of litigants in an actual controversy properly brought before the court. It is not appropriate merely to determine questions of general public interest. Plaintiff here has shown only such interest as is shared generally by all residents, citizens, and taxpayers of the State. He has failed to show that individual interest which is requisite for standing in court.

Nothing in this opinion should be construed as an intimation that if the court had jurisdiction in a case properly presented by a party having standing to do so, it would deem the challenged Acts of the General Assembly, or the votes of the people taken thereunder, to be invalid. We hold only that the

plaintiff in the present action has no standing to maintain it. The judgment dismissing plaintiff's action is

Affirmed.

Chief Judge BROCK and Judge ARNOLD concur.