IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-40

Filed 19 March 2024

Guilford County, No. 22 CVS 2136

TERESA W. PERRYMAN and DANNY B. NELSON, both individually and derivatively on behalf of the Town of Summerfield through their standing as taxpayers of the Town of Summerfield, Plaintiffs,

v.

TOWN OF SUMMERFIELD; C. DIANNE LAUGHLIN, Individually and in her former Official Capacity as Town of Summerfield Council Member; DENA H. BARNES, Individually and in her former Official Capacity as Town of Summerfield Council Member; JOHN W. O'DAY, Individually and in his Official Capacity as Town of Summerfield Council Member; E. REECE WALKER, Individually and in his Official Capacity as Town of Summerfield Council Member; NELSON MULLINS RILEY & SCARBOROUGH LLP; and FRAZIER, HILL AND FURY, RLLP, Defendants.

Appeal by Plaintiffs from Order entered 26 May 2022 by Judge Mark E. Klass in Guilford County Superior Court. Heard in the Court of Appeals 26 October 2023.

*Rossabi Law Partners, by Gavin J. Reardon, for Plaintiffs-Appellants.*

*Nelson Mullins Riley & Scarborough LLP, by Lorin J. Lapidus and G. Gray Wilson, for Defendants-Appellees Town of Summerfield, C. Dianne Laughlin, Dena H. Barnes, John W. O'Day, and E. Reece Walker.*

*Mullins Duncan Harrell & Russell PLLC, by Alan W. Duncan and Stephen M. Russell Jr., for Defendant-Appellee Nelson Mullins Riley & Scarborough LLP.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Teresa W. Perryman and Danny B. Nelson (Plaintiffs) appeal from an Order

dismissing their Complaint against the Town of Summerfield (the Town), C. Dianne Laughlin, Dena H. Barnes, John W. O'Day, E. Reece Walker (collectively, the Town Defendants), and Nelson Mullins Riley & Scarborough LLP (Law Firm Defendant). The Record before us reflects the following:

On 7 January 2022, Plaintiffs filed a Complaint against the Town Defendants, Law Firm Defendant, and Frazier, Hill and Fury, RLLP (Frazier Hill) (collectively, Defendants).[1] Plaintiffs' Complaint sought declaratory and injunctive relief along with disgorgement of attorney fees paid by the Town to the Law Firm Defendant and Frazier Hill arising from allegations the Town Defendants had appropriated Town funds for the defense of a *quo warranto* action in contravention of N.C. Gen. Stat. § 1-521.

The Complaint alleged Todd Rotruck—a non-party to this action—was elected to the Town's Council in November 2017. However, in April 2018, following a voter challenge, the Guilford County Board of Elections determined Rotruck was not an eligible voter in the Town. The Complaint further alleged that following his subsequent removal from the Town Council, Rotruck filed two lawsuits. The first was filed against the Town challenging his removal from the Council and seeking reinstatement by writ of mandamus. This case was dismissed with prejudice and Rotruck did not appeal. The second was against the Guilford County Board of

---

[1] As noted below, Plaintiffs voluntarily dismissed their claims against Frazier, Hill and Fury, RLLP and, thus, it is not a party to this appeal.

Elections challenging its determination Rotruck was an ineligible voter in Summerfield. The trial court in that action affirmed the Board of Elections' decision. Rotruck did appeal this ruling and this Court affirmed the trial court's decision. *Rotruck v. Guilford Cnty. Bd. of Elections*, 267 N.C. App. 260, 833 S.E.2d 345 (2019). In October 2018, the Town Council voted to appoint Dianne Laughlin (Laughlin) to the seat previously held by Rotruck.

The Complaint further alleged Rotruck commenced a third action—this time captioned as a *quo warranto* action—in which Rotruck, as a relator nominally on behalf of the State, sought to challenge Laughlin's appointment to the Council (the Quo Warranto Action). On 15 February 2019, the trial court in the Quo Warranto Action entered an order staying the proceeding pending the outcome of Rotruck's appeal to this Court in his action against the Guilford County Board of Elections. Rotruck would eventually dismiss the Quo Warranto Action in January 2020.[2]

The Complaint also alleged a fourth related lawsuit—this time by a group of individuals including J. Dwayne Crawford and Plaintiff Nelson[3]—filed in May 2019 (the Crawford Lawsuit). This fourth suit challenged the Town's use of funds to pay attorney fees for Laughlin's defense of the Quo Warranto Action filed by Rotruck. In January 2020, the trial court in the Crawford Lawsuit dismissed the action. This

---

[2] The dismissal followed this Court's affirmance of the trial court's decision in Rotruck's action against the Board of Elections.

[3] Nelson took a voluntary dismissal in the Crawford Lawsuit.

Court subsequently affirmed the dismissal of the Crawford Lawsuit. *Crawford v. Town of Summerfield*, 276 N.C. App. 275, 855 S.E.2d 301 (2021) (unpublished).

The Complaint in the case *sub judice* again challenged the Town's alleged expenditure of funds to pay attorney fees in the Quo Warranto Action under N.C. Gen. Stat. § 1-521. The Complaint alleged Plaintiffs had standing to challenge the expenditures as taxpayers to the Town. The Complaint further alleged the Town Council members themselves should be held liable in both their official and individual capacities. With respect to the Law Firm Defendant and Frazier Hill, the Complaint alleged each should be ordered liable for the fees paid to them in defense of the Quo Warranto Action.

On 14 March 2022, the Town Defendants and the Law Firm Defendant each filed Motions to Dismiss the Complaint. Both Motions alleged the Complaint should be dismissed under Rules 12(b)(1), (6), and (7) of the North Carolina Rules of Civil Procedure. In summary, the Motions alleged Plaintiffs lacked standing to challenge the use of Town funds; the present action was barred by issue preclusion and collateral estoppel arising from the Crawford Lawsuit; the Quo Warranto Action was not, in fact, a *quo warranto* action but merely an effort to improperly relitigate issues already decided in the two earlier suits by Rotruck against the Town and the Board of Elections; the Complaint was barred by the statute of limitations; and Plaintiffs failed to join Rotruck as a real party in interest. In addition, the Law Firm Defendant alleged the claim for disgorgement should be dismissed as there was no separate

claim recognized for disgorgement outside of the contractual relationship and Plaintiffs were not parties to any contract with the Law Firm Defendant.

The Motions to Dismiss were heard on 25 April 2022 in Guilford County Superior Court. The same day, Plaintiffs voluntarily dismissed Frazier Hill from this action. At the hearing, the remaining Defendants asked the trial court to take judicial notice of the contents of the court files in the two lawsuits filed by Rotruck, the Quo Warranto Action, and the Crawford Lawsuit.

On 26 May 2022, the trial court entered its Order granting the Motions to Dismiss. In its Order, the trial court took judicial notice of the trial and appellate filings in the two actions filed by Rotruck, the Quo Warranto Action, and the Crawford Lawsuit. The trial court made Findings of Fact for purposes of its consideration of Defendants' Motions under Rule 12(b)(1), relying in part on the order dismissing the prior Crawford Lawsuit, noting that even if not binding, the order was persuasive. The trial court noted: "The Guilford County Superior Court has previously considered the Town Defendants' position that the Town's payments pursuant to the fee agreement were authorized by N.C. Gen. Stat. §160A-167(a) and not in contravention of N.C. Gen. Stat. § 1-521. In the Crawford Lawsuit, Judge Hall ruled in the Town Defendants' favor on that issue." The trial court further noted that this Court affirmed the order in the Crawford Lawsuit. The trial court ruled Plaintiffs had failed to establish standing to bring the lawsuit. Separately, the trial court considered Defendants' Motions under Rule 12(b)(6) and determined that, even

assuming Plaintiffs had standing, the Complaint should be dismissed for failure to state a claim upon which relief could be granted. In so doing, the trial court rejected Plaintiffs' request for findings of fact and conclusions of law as inconsistent with Rule 12(b)(6). The trial court dismissed Plaintiffs' Complaint with prejudice under both Rules 12(b)(1) and (6).

On 24 June 2022, Plaintiffs timely filed Notice of Appeal from the trial court's Order. On 24 October 2023, prior to oral argument in this matter, Plaintiffs filed a Motion to Dismiss Appeal against Law Firm Defendant. We allow the Motion to Dismiss the Appeal against Law Firm Defendant. The trial court's Order as to the dismissal of the Law Firm Defendant is now unchallenged and remains undisturbed. We therefore limit our discussion of the trial court's Order to the dismissal of the Town Defendants.

## Issues

The dispositive issues on appeal are whether: (I) Plaintiffs had standing as taxpayers to challenge the Town's allegedly improper expenditures of tax funds to pay attorney fees for Laughlin in the Quo Warranto Action; and (II) the trial court properly dismissed the Complaint against the Town Defendants for failure to state a claim under Rule 12(b)(6).

## Analysis

In this case, the trial court dismissed Plaintiffs' Complaint under Rules 12(b)(1)—for lack of standing—and 12(b)(6)—for failure to state a claim upon which

relief may be granted. "The standard of review on a motion to dismiss under Rule 12(b)(1) is de novo." *Fairfield Harbour Prop. Owners Ass'n, Inc. v. Midsouth Golf, LLC*, 215 N.C. App. 66, 72, 715 S.E.2d 273, 280 (2011). "On appeal of a Rule 12(b)(6) motion to dismiss, this Court conducts 'a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct.'" *Hendrix v. Town of W. Jefferson*, 273 N.C. App. 27, 31, 847 S.E.2d 903, 906 (2020) (quoting *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673-74 (2003)).

## I. Taxpayer Standing

Here, Plaintiffs first contend they sufficiently alleged standing as taxpayers to bring their Complaint and to survive the Town Defendants' Motion to Dismiss under 12(b)(1). Plaintiffs alternatively contend they have derivative standing to bring the action on behalf of the Town's interests. Plaintiffs further argue the trial court erred in considering the merits of their action in its 12(b)(1) analysis.

"Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002) (citation and quotation marks omitted). "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *Est. of Apple v. Com. Courier Express, Inc.*, 168 N.C. App. 175, 177, 607 S.E.2d 14, 16 (2005). "As the party invoking jurisdiction, plaintiffs have the burden of proving the elements of standing." *Blinson v. State*, 186 N.C. App.

328, 333, 651 S.E.2d 268, 273 (2007). Standing may properly be challenged by a 12(b)(1) motion to dismiss. *See Fuller v. Easley*, 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001) ("[s]tanding concerns the trial court's subject matter jurisdiction and is therefore properly challenged by a Rule 12(b)(1) motion to dismiss.").

"Standing to sue means simply that the party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Town of Ayden v. Town of Winterville*, 143 N.C. App. 136, 140, 544 S.E.2d 821, 824 (2001) (citation and quotation marks omitted). More recently, the North Carolina Supreme Court clarified, under North Carolina law, standing exists when a party alleges the infringement of a legal right under a valid cause of action. *Comm. to Elect Dan Forest v. Emps. Pol. Action Comm.*, 376 N.C. 558, 608, 853 S.E.2d 698, 733 (2021). There, in relevant part, the Supreme Court explained:

> When a person alleges the infringement of a legal right arising under a cause of action at common law, a statute, or the North Carolina Constitution, however, the legal injury itself gives rise to standing. The North Carolina Constitution confers standing to sue in our courts on those who suffer the infringement of a legal right, because "every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law." N.C. Const. art. I, § 18, cl. 2. Thus, when the legislature exercises its power to create a cause of action under a statute, even where a plaintiff has no factual injury and the action is solely in the public interest, the plaintiff has standing to vindicate the legal right so long as he is in the class of persons on whom the statute confers a cause of action.

*Id.*

"Generally, an individual taxpayer has no standing to bring a suit in the public

interest." *Fuller*, 145 N.C. App. at 395, 553 S.E.2d at 46 (citing *Green v. Eure*, 27 N.C. App. 605, 608, 220 S.E.2d 102, 105 (1975)). However, the taxpayer may have standing if he can demonstrate:

> [A] tax levied upon him is for an unconstitutional, illegal or unauthorized purpose[;] that the carrying out of [a] challenged provision will cause him to sustain personally, a direct and irreparable injury[;] or that he is a member of the class prejudiced by the operation of [a] statute.

*Id*. (quoting *Texfi Indus. v. City of Fayetteville*, 44 N.C. App. 268, 270, 261 S.E.2d 21, 23 (1979) (citations omitted)). "We recognized as early as the nineteenth century that taxpayers have standing to challenge the allegedly illegal or unconstitutional disbursement of tax funds by local officials." *Goldston v. State*, 361 N.C. 26, 30-31, 637 S.E.2d 876, 879-80 (2006).

Here, the trial court expressly found for purposes of Rule 12(b)(1) Plaintiffs were taxpayers. The trial court also found Plaintiffs sought to challenge tax funds allegedly appropriated and expended to pay attorney fees in the Quo Warranto Action. Thus, Plaintiffs generally "have standing to challenge the allegedly illegal or unconstitutional disbursement of tax funds by local officials." *Goldston*, 361 N.C. at 30-31, 637 S.E.2d at 879-80. The trial court, however, determined Plaintiffs did not have taxpayer standing where the Crawford Lawsuit had previously decided the issue of the alleged payment of attorney fees in the Quo Warranto Action in the Town's favor. In effect, the trial court determined Plaintiffs failed to allege any infringement of a legal right to challenge the payments allegedly made by the Town. *See Comm.*

*to Elect Dan Forest*, 376 N.C. at 608, 853 S.E.2d at 733. Recognizing "there is a fine line between the issue of standing and the issue of failure to state a claim[,]" we address the substantive allegations of Plaintiffs' Complaint under a 12(b)(6) analysis. *Texfi Indus., Inc.*, 44 N.C. App. at 269, 261 S.E.2d at 23. Considering our analysis here, we also do not reach the issue of whether Plaintiffs established derivative standing to bring a suit on behalf of the Town.

II.     Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970) (citation omitted). "[A] motion to dismiss is properly granted when it appears that the law does not recognize the plaintiff's cause of action or provide a remedy for the alleged [cause of action]." *Brown v. Friday Servs., Inc.*, 119 N.C. App. 753, 755, 460 S.E.2d 356, 358 (1995). "When considering a 12(b)(6) motion to dismiss, the trial court need only look to the face of the complaint to determine whether it reveals an insurmountable bar to plaintiff's recovery." *Locus v. Fayetteville State Univ.*, 102 N.C. App. 522, 527, 402 S.E.2d 862, 866 (1991). A Rule 12(b)(6) dismissal is proper where "the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Wood v. Guilford Cnty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citation omitted).

Moreover, documents attached to and incorporated into a complaint are properly considered as part of a Rule 12(b)(6) motion to dismiss. *Holton v. Holton*, 258 N.C. App. 408, 418-19, 813 S.E.2d 649, 657 (2018) (citing *Eastway Wrecker Serv.,*

*Inc. v. City of Charlotte*, 165 N.C. App. 639, 642, 599 S.E.2d 410, 412 (2004)). "Additionally, a document that is the subject of a plaintiff's action that he or she specifically refers to in the complaint may be attached as an exhibit by the defendant and properly considered by the trial court without converting a Rule 12(b)(6) motion into one of summary judgment." *Id*. at 419, 813 S.E.2d at 657.

Plaintiffs argue the trial court erred by dismissing their Complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiffs contend they stated a valid claim for declaratory and injunctive relief declaring the Town's payments of attorney fees in the Quo Warranto Action unlawful under N.C. Gen. Stat. § 1-521. Plaintiffs assert they alleged Rotruck brought a quo warranto action directly against Laughlin and the Town, therefore, was barred from appropriating attorney fees for Laughlin's defense under N.C. Gen. Stat. § 1-521.

Quo warranto actions in North Carolina are governed by Article 41 of Chapter 1 of the North Carolina General Statutes. Under N.C. Gen. Stat. § 1-515, quo warranto actions are generally brought by the Attorney General on behalf of the State, including in instances "[w]hen a person usurps, intrudes into, or unlawfully holds or exercises any public office[.]" N.C. Gen. Stat. § 1-515 (2021). However, a private party may bring a quo warranto action under Article 41 when "application is made to the Attorney General by a private relator to bring such an action[.]" N.C. Gen. Stat. § 1-516 (2021). N.C. Gen. Stat. § 1-521 provides for an expedited trial procedure for quo warranto actions and further provides: "It is unlawful to

appropriate any public funds to the payment of counsel fees in any such action." N.C. Gen. Stat. § 1-521 (2021).

Here, Plaintiffs allege Rotruck properly applied to the Attorney General and was granted leave to bring the Quo Warranto Action as a relator. Plaintiffs further allege the Town appropriated public funds to pay counsel fees on behalf of Laughlin in violation of Section 1-521. Indeed, this Court has recognized a separate declaratory judgment action claiming a violation of Section 1-521 is a viable method of bringing this claim. *State ex rel. Pollino v. Shkut*, 271 N.C. App. 272, 275, 843 S.E.2d 716, 719 (2020).

The Town Defendants counter, however, that the Complaint and documents properly considered at 12(b)(6) establish the Quo Warranto Action was itself nothing more than an impermissible collateral attack on prior court decisions, and, thus, in fact, not a valid quo warranto action. As such, the Town Defendants contend they were authorized to appropriate funds for the Quo Warranto Action and Plaintiffs Complaint should fail as a matter of law.[4] The Town Defendants point to both Rotruck's prior actions against the Town and the Guilford County Board of Elections as well as the Quo Warranto Action and subsequent Crawford Lawsuit as barring Plaintiffs' Complaint. The Complaint contains allegations concerning the filing and outcomes in each of those actions and the trial court permissibly considered the

---

[4] The Town Defendants assert payment of attorney fees was generally authorized by N.C. Gen. Stat. § 160A-167(a).

documents filed in those actions—including Complaints in Rotruck's action against the Town, the Quo Warranto Action, and the Crawford Lawsuit; the orders dismissing each of those actions; and the stay order issued in the Quo Warranto Action—for purposes of Rule 12(b)(6). *See Holton*, 258 N.C. App. at 418-19, 813 S.E.2d at 657; *see also Stocum v. Oakley*, 185 N.C. App. 56, 61, 648 S.E.2d 227, 232 (2007) (trial court may take judicial notice of its own records in prior cases where it has relevance). Plaintiffs make no argument on appeal that the trial court erred in considering the materials from these prior lawsuits.

"A collateral attack is one in which a party is not entitled to the relief requested 'unless the judgment in another action is adjudicated invalid.' " *In re Webber*, 201 N.C. App. 212, 219, 689 S.E.2d 468, 474 (2009) (quoting *Clayton v. N.C. State Bar*, 168 N.C. App. 717, 719, 608 S.E.2d 821, 822 (2005) (citation omitted)). " 'A collateral attack on a judicial proceeding is "an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it." ' " *Id.* (quoting *Reg'l Acceptance Corp. v. Old Republic Sur. Co.*, 156 N.C. App. 680, 682, 577 S.E.2d 391, 392 (2003) (citation omitted)). "Collateral attacks generally are not permitted under North Carolina law." *Id.*

Examination of the four prior actions alleged in the Complaint reveals several crucial points factoring into our analysis. First, Rotruck's action against the Town sought mandamus relief reversing his removal from the Town Council and a declaration his removal was invalid. This lawsuit was dismissed with prejudice

pursuant to Rules 12(b)(1) and 12(b)(6). *See Hoots v. Pryor*, 106 N.C. App. 397, 404, 417 S.E.2d 269, 274 (1992) ("A dismissal under Rule 12(b)(6) operates as an adjudication on the merits unless the court specifies that the dismissal is without prejudice."). Second, in Rotruck's action seeking judicial review of the Guilford County Board of Elections, a Superior Court affirmed the determination of the Board of Elections that Rotruck was not an eligible voter residing in the Town—the basis of his removal from the Town Council. On appeal, this Court found "no merit to Plaintiff's arguments," and affirmed. *Rotruck,* 267 N.C. App. at 262, 833 S.E.2d at 347.

The Complaint in the Quo Warranto Action, in turn, alleged Rotruck was the rightful holder of the seat on the Town Council, that he was improperly removed, and the seat declared vacant. Thus, the Quo Warranto Action Complaint alleged Laughlin could not validly hold the seat. The Quo Warranto Action sought Rotruck's reinstatement to the Council. On 21 March 2019, the trial court in the Quo Warranto Action entered an order staying that action pending Rotruck's appeal against the Board of Elections. In relevant part, the court concluded Rotruck's first two suits against the Town and the Board of Elections "are binding on this [c]ourt, and thus operate as COLLATERAL ESTOPPEL and issue preclusion with respect to the claims brought and made in those actions." The trial court there further concluded: "That most, if not all, remedies that this [c]ourt could in equity entertain pursuant to Relator's claim for Quo Warranto would be inconsistent with the Orders of this [c]ourt

. . . or be in express violation of the Orders of this [c]ourt[.]" The court in the Quo Warranto Action observed "proceeding with the present matter before decision of the North Carolina Court of Appeals . . . would subject the parties to the risk of inconsistent Judgments[.]" Rotruck subsequently voluntarily dismissed the Quo Warranto Action after this Court decided in favor of the Board of Elections.

Unquestionably, the Crawford Lawsuit raised the same claims against the Town Defendants as in the present case: a declaration payment of Laughlin's attorney fees was unlawful under Section 1-521 and holding the Town Defendants liable for those fees. The trial court in the Crawford Lawsuit also dismissed that action under Rules 12(b)(1) and 12(b)(6) with prejudice. In so doing, the trial court determined allowing further amendment of the complaint in that case would be futile. The court concluded "that under the facts of this case, . . . the binding ruling of the North Carolina Courts relative to the underlying quo warranto action, as well as our [c]ourts' rulings in those actions entitled *Rotruck v. Guilford County Board of Elections* . . . and *Rotruck v. Summerfield Town Council* . . . demonstrate that [Laughlin] was indeed a duly appointed member of the Summerfield Town Council." The court further ruled Laughlin "is entitled to reimbursement for [counsel] fees, including expenses incurred for the defense of the quo warranto action pursuant to G.S. § 160A-167(a)." Additionally, the court expressly concluded "as a matter of law that the Town Council did not appropriate funds for the defense of an expedited trial pursuant to a quo warranto action as proscribed by G.S. § 1-521."

Here, for Rotruck to have been entitled to relief in the Quo Warranto Action, it would have required judgments in both his prior lawsuits against the Town and the Board of Elections to be invalidated. *See In re Webber*, 201 N.C. App. at 219, 689 S.E.2d at 474. The Quo Warranto Action would require a determination Rotruck was eligible to sit on the Council and that he should be reinstated—determinations that were conclusively made in those two prior actions. The Quo Warranto Action was plainly "an attempt to avoid, defeat, or evade . . . , or deny [the] force and effect" of the two prior failed actions in an incidental purported quo warranto proceeding. *Id.* Moreover, nothing in the quo warranto statutes provides a mechanism for attacking prior judicial determinations involving a party's claim to public office. *See id.* While Plaintiffs claim the Quo Warranto Action was narrowly focused only on Laughlin's right to hold office, this ignores the fact the entire basis of the action was Rotruck's already rejected claim he was improperly removed from office and had a right to that office instead of Lauglin. There was no contention in the Quo Warranto Action that Laughlin should be removed from the office for any other reason other than Rotruck's claim to the office. Rotruck's voluntary dismissal of the Quo Warranto Action following this Court's decision in *Rotruck v. Guilford County Board of Elections* is at least a tacit concession on his part that the Quo Warranto Action fell with the successful voter challenge.

Thus, in this case, Plaintiffs' Complaint and the documents referenced and properly considered at 12(b)(6) reveal the Quo Warranto Action was not a valid quo

warranto action under Article 41 of Chapter 1 of the General Statutes, but instead an impermissible collateral attack on prior conclusive judicial determinations. Therefore, on the facts of this case, Plaintiffs' Complaint failed to state a cause of action based on the allegedly unauthorized appropriation of counsel fees under Section 1-521. Consequently, the trial court did not err in dismissing Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

Moreover, the Crawford Lawsuit bars the present Complaint under principles of either *res judicata* or collateral estoppel.

> [U]nder *res judicata* as traditionally applied, a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them. When the plaintiff prevails, his cause of action is said to have "merged" with the judgment; where defendant prevails, the judgment "bars" the plaintiff from further litigation. In either situation, all matters, either fact or law, that were or should have been adjudicated in the prior action are deemed concluded. Under collateral estoppel as traditionally applied, a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies. Traditionally, courts limited the application of both doctrines to parties or those in privity with them by requiring so-called "mutuality of estoppel:" both parties had to be bound by the prior judgment.

*Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 428-29, 349 S.E.2d 552, 556-57 (1986) (citations omitted).

Here, Plaintiffs in this case—asserting standing as Town residents and taxpayers to challenge the appropriation of funds by the Town—are in privity with

the Crawford Lawsuit plaintiffs—who also asserted claims as Town residents and taxpayers. *See State v. Summers*, 351 N.C. 620, 623, 528 S.E.2d 17, 20 (2000) (" 'In general, "privity involves a person so identified in interest with another that he represents the same legal right" ' previously represented at trial.") (quoting *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 417, 474 S.E.2d 127, 130 (1996) (citation omitted)). Indeed, Plaintiff Nelson was originally a party to the Crawford Lawsuit.

The Crawford Lawsuit was dismissed under both Rule 12(b)(1) for lack of standing *and* Rule 12(b)(6) for failure to state a claim. The case was dismissed with prejudice because allowing a second amendment to the complaint in that case would have been futile precisely because the trial court there concluded plaintiffs' claim that the Town improperly appropriated funds for the defense of the Quo Warranto Action failed as a matter of law. This Court affirmed that dismissal. *Crawford*, 276 N.C. App. 275, 855 S.E.2d 301 (unpublished).

The dismissal in *Crawford* with prejudice under Rule 12(b)(6) operated as a final judgment on the merits. *See Hoots*, 106 N.C. App. at 404, 417 S.E.2d at 274. The Complaint in this case alleged the same cause of action against the Town Defendants. *Res Judicata* bars this second action against the Town Defendants. Likewise, even for purposes of collateral estoppel, the issue of whether the Crawford Lawsuit plaintiffs could bring a claim against the Town for appropriation of attorney fees in the Quo Warranto Action was actually litigated, decided, and necessary to the court's determination there to dismiss the case with prejudice resulting in a final

judgment on the merits. Indeed, in affirming the trial court, this Court made no modification to the trial court's dismissal with prejudice. *Compare United Daughters of the Confederacy v. City of Winston-Salem*, 383 N.C. 612, 650, 881 S.E.2d 32, 60 (2022) (vacating in part and remanding case for dismissal without prejudice and not with prejudice where dismissal was based solely on lack of subject matter jurisdiction).

Even if Plaintiffs have facially alleged a violation of § 1-521 by the Town Defendants, the Complaint on its face reveals a bar to Plaintiffs' claim arising by operation of the Crawford Lawsuit and the dismissal of Rotruck's prior actions, including the Quo Warranto Action. Thus, additionally, Plaintiffs' Complaint in this action is barred by *res judicata* and collateral estoppel by operation of the dismissal of the Crawford Lawsuit with prejudice and this Court's affirmance of that dismissal. Therefore, the Complaint and the documents properly considered on a Motion to Dismiss reveal Plaintiffs' claims in this case are barred. Consequently, the trial court did not err by dismissing Plaintiffs' Complaint with prejudice under Rule 12(b)(6).

## Conclusion

Accordingly, for the foregoing reasons, the trial court's 26 May 2022 Order dismissing Plaintiffs' Complaint with prejudice is affirmed.

AFFIRMED.

Judges CARPENTER and FLOOD concur.